```
                                                        UNITED STATES DISTRICT COURT

                                                              DISTRICT OF NEVADA


SEVA SAFRIS and ALEX YURYEV,        )   3:17-cv-00309-HDM-WGC
                                    )
              Plaintiffs,           )
                                    )   ORDER
vs.                                 )
                                    )
VNUE, INC., and MATTHEW CARONA,     )
                                    )
              Defendants.           )
                                    )
_____)
```

Before the court is defendants' VNUE, Inc. ("VNUE") and Matthew Carona ("Carona") (collectively "defendants") motion to quash, dismiss, and transfer venue (ECF No. 11). Plaintiffs Seva Safris ("Safris") and Alex Yuryev ("Yuryev") (collectively "plaintiffs") have opposed (ECF No. 12), and defendants have replied (ECF No. 14).

VNUE is a "startup" company that has the intended business of recording live music performances for delivery to mobile devices. (ECF No. 11-1 (Carona Decl. ¶ 3); ECF No. 15 (Carona Supp. Decl. ¶ 4)). Carona is currently the chief operating officer of VNUE. (ECF No. 11-1 (Carona Decl. ¶ 1)). Plaintiffs are former employees of VNUE who have sued defendants on several grounds, including

breach of contract and fraud. Plaintiffs assert that their employment contracts with VNUE have not been honored and that they have not been paid for work performed, despite repeated assurances from Carona that they would be paid.

Carona incorporated VNUE in Washington state in 2013 and later merged VNUE with a company incorporated in Nevada. (ECF No. 11-1 (Carona Decl. ¶ 2)). The surviving entity was incorporated in Nevada and took VNUE's name going forward. (*Id.*) After the merger, VNUE moved its operations to New York City, where it has an office and where most of VNUE's contacts, relationships, and business are located. (*Id.* ¶ 4). Carona is currently VNUE's chief operating officer and works out of the New York office one to two times a week. (ECF No. 15 (Carona Supp. Decl. ¶¶ 1-2)). VNUE claims that two individuals, including its employee Peter Slavish,[1] also work out of the New York office. (*Id.* ¶ 3).

Plaintiffs dispute how much of VNUE's work is actually performed in New York, arguing that while VNUE has an office in New York City, only Slavish works there, that all of VNUE's officers reside outside of New York, and that ultimately VNUE does business wherever live music performances occur, which is all over the country. (*See* ECF No. 12-1 (Safris Decl. ¶¶ 7 & 16)).

Plaintiff Yuryev is and at all relevant times has been a resident of Minnesota. (*Id.* at ¶ 2). Plaintiff Safris is currently a resident of California, though at the times relevant to the complaint he worked for VNUE from Bangkok, California, and for a

---

[1] Defendants alternately refer to Slavish as a part-time independent contractor (*see* ECF No. 11-1 (Carona Decl. ¶ 21)) and as an employee (*id.* ¶ 15)). For the purpose of the defendants' motions, the court will assume Slavish is VNUE's employee.

2

brief period of time, New York.[2] (ECF No. 1 (Compl. ¶ 1); ECF No. 11-1 (Carona Decl. ¶ 10 & ¶ 15); ECF No. 12-1 (Safris Decl. ¶ 9)). Carona lives in New York and Massachusetts but considers himself domiciled in Massachusetts. (ECF No. 1 (Compl. ¶ 4); ECF No. 11-1 (Carona Decl. ¶ 5)). As already stated, VNUE is a Nevada corporation with an office in New York.

Defendants have moved to quash service of process, to dismiss Carona for lack of personal jurisdiction, and to transfer venue to the Southern District of New York. Plaintiffs oppose all motions.

## I. Motion to Quash Service of Process

If service of process has been insufficient, the court may either quash the service or dismiss the action. Fed. R. Civ. P. 12(b)(5); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). On June 9, 2017, plaintiffs served copies of the summons and complaint in this action on Peter Slavish. (ECF No. 11 (Gaw Decl. Exs. 1 & 2)). According to the process server, Slavish represented that he was authorized to accept service on behalf of VNUE. (*Id.* at Ex. 2). Plaintiffs also mailed copies of the summons and complaint via first class mail to defendant Carona at VNUE's New York office. (*Id.* at Ex. 1). Defendants argue that this did not constitute proper service of process on either Carona or VNUE and therefore service of process must be quashed.

A. Carona

Under Federal Rule of Civil Procedure 4(e), an individual may be served in accordance with the federal rules, the law of the

---

[2]Although it is not entirely clear, Safris appears to assert that while he spent roughly three months in Thailand, he was not residing there but instead was living in either in California or New York during his employment with VNUE. (*See* ECF No. 12-1 (Safris Decl. ¶ 9)).

3

state where the court is located, or the law of the state where service is made. Plaintiffs contend that they followed the law of New York – the state where service was made – in effecting service on Carona and that under New York law service was proper.

In relevant part, New York permits "[p]ersonal service upon a natural person . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." N.Y. C.P.L.R. § 308(2). The statute requires that delivery and mailing "be effected within twenty days of each other" and that proof of service "be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later." *Id.* The statute provides that "service shall be complete ten days after" the proof of service is filed with the clerk of the court. *Id.*

As apparently conceded by defendants, VNUE's New York office is Carona's "actual place of business," as he works out of the office at least a couple times a week and is the co-founder of VNUE. Thus, plaintiffs' service of the summons and complaint on Slavish, a person of suitable age and discretion, at VNUE's New York office, and subsequent mailing of the summons and complaint to Carona at the VNUE New York office, satisfied the first two requirements of § 308(2).[3]

---

[3] Although Carona disputes receiving a copy of the summons and complaint by mail, he has not provided any evidence to counter the process server's return, which indicates a copy of the summons and complaint was placed in first-class mail directed to Carona at VNUE's New York address.

4

However, the statute also requires the filing of the proof of service with this court within twenty days of delivery or mailing. No such filing was made by plaintiffs within the twenty-day period. Although courts in New York are split on whether this requirement is jurisdictional, the weight of authority is that it is – particularly for federal court jurisdiction. See *Creative Kids Far East Inc. v. Griffin*, 2016 WL 8710479, at *2-3 (S.D.N.Y. Jan. 22, 2016) (finding that, for purposes of removal, a defendant is not a party until service is "complete" – ten days after proof of service is filed with the court); *Stop & Shop Supermarket Co. LLC v. Goldsmith*, 2011 WL 1236121, at *3-6 (S.D.N.Y. Mar. 31, 2011) (recognizing split of authority and ultimately concluding that service is not proper for purposes of removal until plaintiff has timely filed proof of service with the court); *Pope v. Rice*, 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005); *Roth v. Syracuse Hous. Auth.*, 2002 WL 31962630, at *12 (N.Y. Sup. Ct. July 17, 2002) ("[T]he Court finds that the specific language of CPLR 308(2) confers jurisdictional import upon the filing which is accomplished in connection with that section."); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997) ("'[L]eave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint.").

The court concludes that filing is a necessary requirement to complete service of process. The plaintiffs' failure to comply

---

*See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007).

5

with this requirement is jurisdictional. Therefore, the motion to quash service of process on Carona is granted. Plaintiffs are granted leave to effect proper service on Carona within thirty days of the date of this order.

B. VNUE

Federal Rule of Civil Procedure 4(h)(1) allows service on a corporate entity to be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." As with individuals, service may also be accomplished in accordance with the relevant state laws, here New York and Nevada. New York law requires service on a corporation to be made to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.L.P.R. § 311.

Plaintiffs argue that service on VNUE was proper under N.Y. C.L.P.R. § 308. However, § 308 pertains to the service of individuals, not business entities. Plaintiffs were required to serve VNUE in accordance with either federal law, Nevada law, or N.Y. C.L.P.R. § 311, which provides the method for service of a corporation in New York. Plaintiffs have not explained how the purported service was proper under any of these laws. Plaintiffs served VNUE by delivering a copy of the summons and complaint to Slavish. Defendants represent, without objection from the plaintiffs, that Slavish is not an officer, director, managing or general agent, cashier or assistant cashier, that Slavish has never

been VNUE's registered agent for service of process, and that Slavish has never been authorized to accept service of process on VNUE's behalf. Accordingly, plaintiffs have not shown that serving the complaint and summons on Slavish was proper service of process under any pertinent law, and service must therefore be quashed. Plaintiffs shall have thirty days from the date of this order to effect proper service on VNUE.

**II. Motion to Transfer Venue**

The court next addresses the defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

The court may transfer venue to any district "where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of showing that an adequate alternative forum exists. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n.22 (9th Cir. 2000).

A. Adequate Alternative Forum

Defendants asserts that the Southern District of New York is an adequate alternative forum. Under federal law, venue may lie in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). While VNUE is incorporated in Nevada, the record reflects that it conducts business in New York City. (*See*

ECF No. 15 (Carona Supp. Decl. ¶ 4)). Carona lives at least part-time in New York City and performs VNUE-related work in New York City. (ECF No. 11-1 (Carona Decl. ¶ 5)). Thus, venue is proper in the Southern District of New York. Moreover, the parties do not dispute that the court in the Southern District of New York would have personal jurisdiction over both the defendants. Accordingly, the Southern District of New York is an adequate alternative forum.

B. Convenience and Interests of Justice

The court must weigh several factors in determining whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel witnesses; and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99.

1. Where Relevant Agreements were Negotiated and Executed

The contracts which form the basis of a portion of plaintiffs' claims were negotiated and executed by Carona and VNUE in New York. (ECF No. 11-1 (Carona Decl. ¶¶ 8-9)). At the time their respective contracts were executed, Yuryev resided in Minnesota and Safris resided in California. (*Id.* at ¶ 8; ECF No. 12-1 (Safris Decl. ¶ 8)). There is no indication that either plaintiff was in Nevada when their respective contracts were negotiated.

As New York was where the defendants negotiated and executed the relevant contracts and there is no indication any negotiations

or execution took place in Nevada, this factor favors transfer.

2. State Most Familiar with Governing Law

The relevant contracts invoke Nevada law, but the complaint asserts several claims in addition to the contractual claims, including fraud, negligent misrepresentation, and violation of two California statutes. Based on the allegations of the complaint, it is unlikely Nevada law would apply to these claims. Accordingly, this factor is neutral.

3. Plaintiff's Choice of Forum

While a plaintiff's selection of a forum is generally due heavy deference, deference is reduced for foreign plaintiffs. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001); *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998); *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134, 1141 (C.D. Cal. 2005); see also *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009). But "less deference is not the same thing as no deference." *Lueck*, 236 F.3d at 1143. Neither plaintiff is a resident of Nevada, although Safris has established a Nevada corporation through which he was supposed to be paid for his work with VNUE. Accordingly, this factor weighs slightly against transfer.

4. Parties' Contacts with Nevada

There is no evidence on the record that plaintiff Yuryev has any contacts with Nevada. The only contact plaintiff Safris has with Nevada is the fact he incorporated an entity – Senture LLC – under Nevada law and his contract with VNUE identifies him as Seva Safris of Senture LLC. (ECF No. 11-1 (Carona Decl. Ex. B)). Defendant VNUE is incorporated in Nevada. Defendant Carona's only

contacts with Nevada relate to maintaining VNUE in good standing as a Nevada corporation. The employment contracts of both plaintiffs have a Nevada choice of law provision.

On the other hand, Safris moved to New York to work for VNUE there and resided there for a period of time, VNUE's office and business operations are there, and Carona lives part-time there and works from VNUE's New York office. The contacts with Nevada are relatively insubstantial. This factor therefore weighs in favor of transfer.

5. Parties' Contacts Relating to Plaintiffs' Claims

The parties' contacts with Nevada are tangential and not directly related to plaintiffs' claims. Accordingly, this factor weighs in favor of transfer.

6. Cost of Litigation

While none of the parties reside in Nevada, plaintiff Safris resides in San Francisco, California. Plaintiffs represent that anytime they would be required to be in court in Nevada, plaintiff Yuryev, who lives in Minnesota, would stay with Safris in San Francisco. Defendant Carona resides in Massachusetts and New York and some of VNUE's witnesses may also be located in New York. While it might cost slightly more to try this case in New York than in Nevada, the difference in cost appears to be minimal.

7. Availability of Compulsory Process to Compel Witnesses

The parties do not identify any witness that would need to be compelled to testify. This factor is therefore neutral.

8. Access to Sources of Proof

Defendants assert that sources of proof – witnesses and documentary – are located in New York or near New York. (ECF No.

11-1 (Carona Decl. ¶ 19)). Plaintiffs do not identify any witnesses or documents in Nevada, or even, with the exception of Safris himself, near Nevada.[4] They do assert that the witnesses who would be expected to testify are not in New York and that the documentary evidence defendants refer to can be accessed digitally. Therefore, the court finds this factor to slightly favor transfer.

9. Additional Factor – Personal Jurisdiction

Carona argues with substantial force that this court lacks personal jurisdiction over him. Without deciding Carona's motion to dismiss for lack of personal jurisdiction, the court concludes that the strong likelihood that this court lacks personal jurisdiction over Carona strongly favors transfer to New York.

The argument that the court might have general jurisdiction over Carona is plainly without merit. Carona's actions in maintaining a Nevada corporation do not make him at home in Nevada. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). The only path to general jurisdiction over Carona might be under an alter ego theory, and plaintiffs make no alter ego allegations. Plaintiffs' claims of specific jurisdiction also appear unavailing. In order for the court to have specific jurisdiction over Carona, plaintiffs' claims must arise out of his contacts with Nevada. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (specific personal jurisdiction requires that the plaintiff's claim arise out of or relates to the defendant's forum-related activities). Plaintiffs have not shown how any of Carona's

---

[4] Although plaintiffs assert that Anthony Cardenas, VNUE's chief creative officer, lives in California, defendants dispute that he would have any information relevant to plaintiffs' claims and plaintiffs do not otherwise explain why Cardenas would be a relevant witness.

11

very limited ties to Nevada form the basis for their claims against Carona individually.  It does not appear that plaintiffs' claims arise out of or relate to Carona's transactions in maintaining VNUE as a corporate entity.  Accordingly, judicial economy strongly favors transfer to a court that has jurisdiction over both defendants.

After considering and weighing all the relevant factors in this case, the court concludes that on balance transfer to the Southern District of New York is appropriate.

**III. Conclusion**

In accordance with the foregoing, defendants' motion to quash service of process (ECF No. 11) is GRANTED.  Plaintiffs shall have a period of thirty days from the date of this order within which to re-serve the defendants.  It is further ordered that defendants' motion to transfer (ECF No. 11) is GRANTED, and this action is hereby transferred to the United States District Court for the Southern District of New York.  Defendant Carona's motion to dismiss for lack of personal jurisdiction (ECF No. 11) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: This 31st day of August, 2017.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE